Alexander H. Small, Respondent, *v.* The Brooklyn City & Newtown Railroad Co., Appellant.

(City Court of Brooklyn — General Term, November, 1894.)

In an action against a street railroad company for personal injuries the plaintiff called seven witnesses, three of whom testified that they were present at the accident, while defendant called nineteen, fifteen of whom were present at that time. Of these latter witnesses seven were or had been employees of the defendant; some were impeached by contrary statements and some testified that they paid no attention to the matter until after the accident had taken place. *Held*, that the jury had a right to consider these circumstances in determining the truth of the respective contentions of the parties, and that the mere fact that the defendant's witnesses outnumbered those for the plaintiff did not show a preponderance of evidence in defendant's favor.

Appeal from judgment in favor of the plaintiff, entered upon a verdict, and from order denying a motion for a new trial.

*Morris & Whitehouse*, for appellant.

*Thomas E. Pearsall*, for respondent.

Van Wyck, J. This is an appeal from a judgment entered upon a verdict in plaintiff's favor for injuries alleged to have been caused by the negligence of defendant, and also from the order denying a motion for a new trial. This appeal was submitted, without oral argument, on printed points, in which appellant raises only one point, viz., that the negligence of defendant and the freedom of plaintiff from contributory neg-

ligence were not established by a fair preponderance of evidence, and this question will only be considered by us.

Plaintiff's contention is that, the motorman having brought his car to almost a standstill in response to plaintiff's signal, he was in the act of getting aboard, with both hands holding the railings and one foot on the step and the other foot being raised from the ground, when the car suddenly started forward with great force, breaking plaintiff's hold of the railing and throwing him under the following car. The defendant's contention is that plaintiff, without giving any signal to stop, ran out into the street and attempted to get on the car moving at the usual speed, slipped and fell.

We have critically read and considered the testimony in this case, and think it fairly sustains the plaintiff's contention. It is true that plaintiff called seven witnesses, three of whom testified that they were present at the accident, and defendant called nineteen witnesses, fifteen of whom testified that they were present, but it should be borne in mind that seven of them were or had been in the employ of the defendant; that some of the witnesses were impeached by contradictory statements and some testified that they paid no particular attention to the matter till the accident had actually occurred, and all of these circumstances the jury had the right to consider in determining which contention was true. It is hardly necessary for this court to affirm that a fair preponderance of evidence does not mean the largest number of witnesses, but rather evidence of such character and weight as carries conviction to the mind of the juror of the existence of the facts sought to be proved. Believing the evidence justifies the verdict, the judgment and order must be affirmed, with costs.

CLEMENT, Ch. J., concurs.

Judgment and order affirmed, with costs.